Mr. Justice Clayton
delivered the opinion of the court.
There is but a single question presented by this record. Whether a vendor of land is bound by his title-bond, to make the vendee “ a good and perfect deed ” to the land sold, whether a deed good in point of form, is a compliance with the covenant, or whether he is bound to make a good and perfect title to it, and to remove any existing incumbrance upon it, or protect the vendee against it. Or, to come more precisely to this case, whether, if the vendor tendered his own deed, without procuring his wife’s relinquishment of dower, such deed satisfied his covenant.
There is some contrariety in the decisions on this subject, and without going into an elaborate investigation of them, we shall adopt that rule, which most comports with the ends of justice and the intention of the parties. Technical rules are not so much to be consulted, in the construction of covenants, as the real meaning of the parties, where it can be gathered from the instrument itself; and that construction should be favored which is obviously most just. Holloway v. Lacy, 4 Humph. 468; Killian v. Harshaw, 7 Iredell, 498.
In Carpenter v. Bailey, 17 Wend. 247, the court says, “it was the title to the premises which the defendant stipulated for, not a piece of parchment good in form, but waste paper in effect, for the purpose of transferring the title.”
In Gray & Reader v. Darby’s Lessee, Mart. & Yerg. 403, the court said, “ the legislature by the term grant, meant the land covered by the grant, and not merely a paper purporting to be a patent.”
Words are to be taken in that sense, in which they were most probably understood by the person to whom they are addressed, or which is the same in effect, most strongly against the party using them. We cannot doubt, but that the vendee in this case understood by the terms a “ good and perfect deed,” that he was to obtain a good and perfect title for his money, and not merely a right of action on the deed, after the insufficiency of the title had beefi established by suit, and eviction under it. See Liddell v. Sims, decided at this term. 9 S. & M. 596.
*618 The court below refused to give a charge asked by the counsel of the plaintiff, which was in accordance with the principles herein contained. For this refusal, the judgment must be reversed, and a new trial granted.